FILED
2006 Jun-07  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN  DIVISION

| | | |
|---|---|---|
| **LISA MILBURN,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CASE NO. 2:05-CV-1661-VEH** |
| | ] | |
| **COPART  OF  CONNECTICUT, INC., et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## OPINION AND ORDER

This matter comes before the Court on Defendants's Motion for Reconsideration (doc. 27).  Defendants Copart of Connecticut, Inc., et al. (hereinafter "Copart") request the Court to reconsider its May 23, 2006 Order granting the Motion of Plaintiff Lisa Milburn  (hereinafter "Milburn") to Extend Time to Respond to Defendants' Motion for Summary Judgment.  Upon due consideration, the Court has determined that the Motion is due to be **DENIED**.

First, Copart argues that Milburn has failed to comply with Federal Rule of Civil Procedure 56(f). This Court disagrees.  Milburn has provided the Court with the necessary information and documents to adequately request an extension of time to respond to a motion under Fed. R. Civ. P. 56(f).

Next, Copart asserts that Milburn has been dilatory in her pursuit of discovery. The docket sheet reflects that the original discovery deadline was May 28, 2004 and the original dispositive motion deadline was May 12, 2006.  Subsequent to that Order, an Amended Order, entered by the Court, extended the deadlines to August 31, 2006 and September 15, 2006 respectfully and, on January 19, 2007, Copart filed a motion for extension of time to conduct discovery and for a dispositive motion cutoff date. Based upon that motion, the Court granted the parties ninety additional days.[1] Clearly, the Court determined that it was necessary to provide the parties with additional time to conduct discovery.  Moreover, because it is customary to file dispositive motions *subsequent* to the completion of discovery, it is neither surprising nor dilatory for a party to need an extension of time when opposing counsel files a dispositive motion approximately six months prior to the expiration of the discovery period.[2]

---

[1] The court is cognizant of the fact that the Revised Scheduling Order entered on January 19, 2006, misstated the revised discovery deadlines.  However, on June 2, 2006, an entry was made by the Court clarifying the discovery deadline.

[2] By filing a motion for summary judgment so early in the discovery stage, the Defendant is essentially replacing the Court's Scheduling Order with its own.  It is clearly within the discretion of the Court to create and enforce a Scheduling Order, which includes deadlines as it determines reasonably appropriate. Additionally, by filing this dispositive motion at such an early stage, Defendants unilaterally shortened the Plaintiff's period of time to conduct discovery on the pertinent matters.

2

Finally, Copart has failed to illustrate any manifest errors of law or fact to support granting the relief it has sought.  It is clearly within the discretion of the Court to grant or deny a motion to reconsider.  Especially considering that a Motion to Remand is pending before the Court, the Court firmly believes that, in the present case, no harm will befall Copart if Milburn is given an extension of time to respond to Copart's Motion for Summary Judgment.[3]

Based on the foregoing reasons, Copart's Motion for Reconsideration of the Court's May 23, 2006 Order granting Milburn's Motion for Extension of Time to File a Response is hereby **DENIED**.

**DONE** and **ORDERED** this 7th day of June, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

___

[3]Milburn requested  "[i]f the instant case is not remanded, Plaintiff requests until three weeks after the close of discovery, July 18, 2006, or such other time as the Court believes is appropriate, to supplement plaintiff's brief in opposition to address the claims of wantonness and negligent entrustment. *Plaintiff's Motion to Extend Time to Respond*, May 22, 2006, p.2.

3