## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LISA MILBURN, | ) |
| | ) |
| Plaintiff, | )   Case No. 2:05-CV-1661-VEH |
| | ) |
| v. | ) |
| | ) |
| COPART OF CONNECTICUT, | ) |
| INC., et. al. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff's (hereinafter "Milburn") Motion to Remand (Doc. 21). The parties have briefed the issue extensively, and the issue is now ripe for determination. For the reasons articulated herein, the Motion to Remand is due to be **GRANTED**.

### I.   Facts and Procedural History

Lisa Milburn, a resident of Hazel Green, Madison County, Alabama, filed this action on July 8, 2005, in the Circuit Court of Madison County, Alabama against Copart of Connecticut, Inc. (hereinafter "Copart") and fictitious party defendants, including Fictitious Defendant 1.[1]  (Comp. 1, 6).  Copart is a corporation doing

---

[1] In her complaint, Milburn described "Fictitious Defendant 1" as "the driver of the motor vehicle which carried the auto part which hit [Milburn] and whose negligence caused [Milburn] to be injured on the occasion made the basis of this suit" and who is "otherwise unknown to [Milburn] at this time, or if their names are known to [Milburn] at this time, their

business in Alabama; Copart is incorporated in the State of Connecticut with its principal place of business located within the State of California. (Def.'s Notice of Removal 2).

The Complaint asserts claims for negligence, wantonness, and negligent entrustment. The matter involved an automobile part allegedly dislodging and coming off a wrecker driven by Fictitious Defendant 1 and landing upon or against Milburn's motor vehicle. (Comp. 1-4). Contemporaneously with the filing of the Complaint, Plaintiff issued Interrogatories and a Request for Production seeking information from Copart regarding the identities of the fictitious parties, in particular the name of Fictitious Defendant 1. (Pl.'s Interrogs.). On August 5, 2005, Copart filed a Notice of Removal seeking to have the action removed to the United States District Court for the Northern District of Alabama[2] on the basis of complete diversity of citizenship between Milburn and Copart. (Def.'s Notice of Removal). On October 3, 2005, Copart responded to Milburn's Interrogatory Request and identified its employee Frank Atchley, an Alabama resident, as Fictitious Defendant 1. (Def.'s Resp. To Pl.'s Interrogs.). On October 28, 2005, Milburn filed a Motion for Leave to File an Amended Complaint substituting Frank Atchley as a named party defendant

---

identities as proper party Defendants is not known to [Milburn] at this time, but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained."

[2] Pursuant to 28 U.S.C. § 1332(a).

for Fictitious Defendant 1. (Pl.'s Mot. for Leave to Am.). On December 30, 2005, this Court granted Plaintiff's Motion for Leave to File an Amended Complaint. (Order Granting Mot. For Leave to File Am. Comp.). On May 17, 2006, Milburn filed the instant Motion to Remand.

## II.     Standard of Review

In reviewing a Motion for Remand, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. *Friedman v. New York Life Ins. Co.,* 410 F.3d 1350, 1352 (11th Cir. 2005); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

> That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the rights of removal. *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D. Texas 1981); *Jennings Clothiers of Ft. Dodge, Inc. v. U.S. Fidelity & Guaranty Co.*, 496 F.Supp. 1254, 1255 (D.Iowa 1980); *Fort v. Ralston Purina Company*, 452 F.Supp. 241, 242 (E.D.Tenn.1978).

*Parker v. Brown*, 570 F.Supp. 640, 642 (D. Ohio 1983).

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen,* that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen*, 63. F.3d at 1335.

*Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**III.   Analysis**

Milburn contends that Copart knew or should have known that Fictitious Defendant 1, identified by Copart on October 4, 2005, as Frank Atchley, was, at all relevant times, an Alabama resident, and that Atchley's citizenship destroys the subject-matter jurisdiction of this Court.

District courts have original jurisdiction over all cases where citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-374, 98 S.Ct. 2396, 2402-03, (1978). The court's diversity jurisdiction is determined at the time the Notice of Removal is filed. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938). Under the amended removal statute, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). However, 28 U.S.C. § 1447(e) also applies to the identification of fictitious defendants subsequent to removal:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit*

*joinder and remand the action to the State court.* (emphasis added).³

District Courts in Alabama have found that, where a plaintiff's complaint provides a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned, the court should consider the citizenship of the fictitious defendant.⁴ *See Brown v. TranSouth Financial Corp.*, 897 F. Supp. 1398, 1401-02 (N.D. Ala. 1995), *and see also Wright v. Sterling Investors Life Ins. Co.*, 747

---

³Copart has embedded in its Response a Motion to Reconsider the Court's Order Granting Milburn's Motion for Leave to File an Amended Complaint.  In support of its claim, Copart cites *Smith v. White Consol. Indust., Inc.*, where the Eleventh Circuit provided the following factors in considering whether to allow an amendment under 28 U.S.C. § 1447(e): (1) the extent to which the purpose of the amendment is to defeat jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities.  229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002).

The purpose of Milburn's amendment was not to defeat jurisdiction.  Milburn did not know the identity of Fictitious Defendant 1 until after the Notice of Removal.  Milburn's Amended Complaint only substituted the name of Atchley for Fictitious Defendant 1 as opposed to the plaintiff in *Smith* who knew or should have known the identity of the added defendant prior to filing the lawsuit.  Furthermore, contrary to Copart's assertion, Milburn has not been dilatory in seeking to remand this case back to state court.  Milburn sought to amend her complaint 25 days after receiving Copart's identification of Fictitious Defendant 1. Moreover, there has been no significant change in circumstances since the granting of Milburn's Motion for Leave to Amend Complaint; Milburn will be unfairly injured should the Court reconsider.   Also, as explained below, given that Atchley was an employee of Copart and sufficiently described by Milburn in her Complaint, it is a reasonable inference that Copart knew that Atchley was Fictitious Defendant 1 and a resident of Alabama at the time it filed its Notice of Removal.

⁴ Copart cites *Howell v. Circuit City* in support of its claim that "the court's diversity jurisdiction is established at the time the notice of removal is filed." 330 F.Supp. 2d 1314, 1317 (M.D. Ala. 2004).  In *Howell*, the court distinguished its denial of Plaintiff's Motion for Remand from *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150 (M.D. Ala 1995) and *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398 (M.D. Ala. 1995) as cases in which the Plaintiff was seeking to add a resident defendant by amendment. *Id.* at 1318.  Since Milburn added resident defendant Atchley by amendment, the instant situation is like *Marshall v. CSX Transp.* and *Brown v. TranSouth;* accordingly, *Howell* does not apply.

F.Supp. 653 (N.D. Ala. 1990). Moreover, if the fictitious defendant is described as "an individual who acted as a company's agent," then the fictitious defendant should be considered a named defendant for determining diversity jurisdiction. *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150, 1152 (M.D. Ala. 1995) (citation omitted). Parties "should act reasonably and in good faith, so as not to prejudice the rights of the other party." *Weaver v. Miller Elec. Mfg. Co., Inc.*, 616 F. Supp. 683 (S.D. Ala. 1985).

In *Brown v. TranSouth Fin. Corp.*, plaintiff brought a fraud action against two corporations and three fictitious employees alleged to have been employed by the corporations. 897 F. Supp. 1398, 1400 (M.D. Ala. 1995). Defendants removed the case to federal court on the basis of diversity jurisdiction. *Id.* When plaintiff discovered the identity of a fictitious defendant, a former employee of one of the defendant corporations, the district court granted plaintiff's motion to amend the complaint to substitute the named individual for a fictitious defendant, which destroyed diversity. *Id.* In doing so, the court went on to explain that "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." *Id.* at 1401. Moreover, the court went on to note that "[i]t would be unfair to force the plaintiffs from their

state court forum into federal court by allowing [the defendant corporation] to plead ignorance about the defendant-employee's identity and citizenship when [the corporation defendant] was in a position to know that information." *Id.* at 1401-02.

Similarly, in her Complaint, Milburn described Fictitious Defendant 1 as an "agent working for and in the line and scope of employment for...Copart" and the driver of the motor vehicle which carried the auto part that hit Plaintiff. (Comp. 1). Milburn also provided the date, location of the scene of the accident, and details of the actual incident. (Comp. 2). It is well established under the aforementioned cases that Copart knew or should have known the identify and citizenship of the fictitious defendant at the time Copart filed the Notice of Removal. It would be unfair to allow Copart to plead ignorance of Atchley's identity until after the Notice of Removal. Copart does not challenge Atchley's Alabama citizenship; therefore diversity of citizenship is lacking. Accordingly, pursuant to 28 U.S.C. § 1332(a)(1), this Court does not have jurisdiction and remand is proper.

**IV.    Conclusion**

The court finds that complete diversity among the parties as required by 28 U.S.C.A. § 1332 does not exist. Consequently, this court lacks subject matter jurisdiction over this action, and this case is due to be remanded to the Circuit Court of Madison County, Alabama. Accordingly, Milburn's Motion to Remand is due to

be **GRANTED**.

A separate **ORDER** will be entered.

**DONE** this 21st day of June, 2006.

_____
 **VIRGINIA EMERSON HOPKINS**
United States District Judge